IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RODNEY ARNETTE EDMUNDSON,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN LEROY KIRKEGARD, SERGEANT A. GRAHAM, JANE LaMOURE, HEALTHCARE SUPERVISOR CATHY (last name unknown), and ALISHIA HANNA (NURSE),<br><br>Defendants. | CV 14-00061-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Rodney Edmundson has filed a Complaint alleging Defendants retaliated against him, denied him due process, were deliberately indifferent to his medical needs, imposed cruel and unusual punishment, and negligently treated his medical needs. (Complaint, Doc. 2 at 6.) He has also filed a Motion to Add Defendant seeking to bring a retaliation claim against Sgt. Michael Hotchkiss. (Doc. 7.)

Mr. Edmundson's due process claims against Warden Kirkegard, Healthcare Supervisor Cathy, and Jane LaMoure for failing to adequately respond to his grievance appeals fail to state a claim upon which relief may be granted. The defects with these claims could not be cured by the allegation of additional facts.

1

These claims and the Defendants named therein should therefore be dismissed.

Nurse Hanna will be required to respond to Mr. Edmundson's state and federal medical care claims. Sgt. Graham will be required to respond to Mr. Edmundson's retaliation claim.

The Court will grant Mr. Edmundson's Motion to Add Defendant (Doc. 7), and Sgt. Hotchkiss will be required to respond to Mr. Edmundson's retaliation claim.

## I. STATEMENT OF THE CASE

### A. Jurisdiction

Mr. Edmundson filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1); Doc. 8.

### B. Parties

Mr. Edmundson is a prisoner who was incarcerated at Montana State Prison in Deer Lodge, Montana, at all times relevant to the allegations in the Complaint. According to Mr. Edmundson's December 5, 2014 Notice of Change of Address (Doc. 6), he has been granted Interstate Compact Parole to his home in Indiana. He is proceeding in forma pauperis and without counsel.

Mr. Edmundson named the following Defendants in his Complaint: Leroy Kirkegard, Warden at Montana State Prison; Sgt. A. Graham, a correctional guard at Montana State Prison; Jane LaMoure, an Executive Assistant at the Montana Department of Corrections; Cathy (last name unknown), the Healthcare Supervisor at Montana State Prison; and Alishia Hanna, a Registered Nurse at Montana State Prison. (Complaint, Doc. 2 at 5).

Mr. Edmundson names seeks to add Sgt. Michael Hotchkiss, a Correctional Guard for Montana State Prison, as a Defendant in his Motion to Add Defendant. (Doc. 7.)

### C. Allegations in Complaint

#### 1. Denial of Medical Care

Mr. Edmundson alleges that Nurse Alishia Hanna was negligent and deliberately indifferent to his serious medical needs because she discontinued his pain and muscle spasm medications. He alleges the prison doctors prescribed these

3

medications on three separate occasions. (Complaint, Doc. 2-1 at 3.) Specifically, he alleges that he was prescribed Robaxin and Prednisone on September 24, 2013. Mr. Edmundson was supposed to take the medications over a ten-day period, but Nurse Hanna discontinued the medications after only seven days. Similarly, he alleges that Dr. Piranian prescribed Robaxin and Prednisone on October 20, 2013. Again, the medications were to be taken for ten days, but Nurse Hanna stopped giving him the medication after six days for a non-medical reason. Lastly, on November 12, 2013, Mr. Edmundson was prescribed Robaxin, Prednisone, and CarBamazepine for ten days, but Nurse Hanna discontinued the medications after five days for an allegedly non-medical reason. (Complaint, Doc. 2-1 at 3-5.)

On February 5, 2014, Defendant Healthcare Supervisor Cathy responded to Mr. Edmundson's grievance appeal to the Warden and denied the appeal stating that the "Physician's Order was not present." Mr. Edmundson alleges this event put Healthcare Supervisor Cathy on notice of the serious risk to Mr. Edmundson. (Complaint, Doc. 2-1 at 5-6.) He also alleges that on or about February 26, 2014, Jane LaMoure violated his right to due process when she refused to process his appeal to the Corrections Division by simply stating it violated Department of Corrections Policy 3.3.3. He alleges this was done to chill his constitutionally protected activity. (Complaint, Doc. 2-1 at 6.)

## 2. Retaliation

Mr. Edmundson also brings a First Amendment retaliation claim against Sgt. Graham and Sgt. Hotchkiss.  He alleges in his Complaint that Sgt. Graham issued a minor disciplinary infraction report against Mr. Edmundson for removing two cookies from his food service work assignment.  Mr. Edmundson was removed from that work assignment.  On September 4, 2013, the disciplinary sanction was lowered to a warning, and Mr. Edmundson's food service work assignment was reinstated.

Mr. Edmundson alleges Sgt. Graham was not happy with the result of the disciplinary write-up and began a personal vendetta against Mr. Edmundson.  He alleges that even though cell searches are normally done by "ordinary correctional officers," on November 4, 2013, Sgt. Graham personally searched his cell and confiscated and damaged some of his property.  Sgt. Graham then gave Mr. Edmundson a disciplinary write-up for being in possession of a "loaner television," for destroying or altering facility property, for lying to a staff member, for possessing property belonging to another person, and for taking items from the food service.  (Complaint, Doc. 2-1 at 8.)

Mr. Edmundson was again removed from his work assignment.  On November 6, 2013, Mr. Edmundson was found not guilty of being in possession of

the television and lying to a staff member. He was found guilty of two minor infractions. (Complaint, Doc. 2-1 at 9.)

Although there are no factual allegations in the Motion to Add Defendant, Mr. Edmundson attached a number of grievances to his motion alleging that he filed a grievance against Sgt. Hotchkiss on September 15, 2014 and Sgt. Hotchkiss retaliated against him by "shaking down" his cell on September 22, 2014, October 3, 2014, and October 6, 2014. (Doc. 7.)

## II. PRESCREENING

### A. Standard

Mr. Edmundson is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a

plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

    **1. Due Process–Processing of Grievances**

Mr. Edmundson's claims against the Healthcare Supervisor Cathy,

Executive Assistant Jane LaMoure, and Warden Kirkegard[1] fail to state a claim upon which relief may be granted. A prison official's review and denial of an inmate's grievances, without more, cannot serve as the basis for liability under 42 U.S.C. § 1983. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("a prisoner has no constitutional right to prison grievances procedures" (*citing Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)), *cert. denied* 541 U.S. 1063, 124 S.Ct. 2388, 158 L.Ed.2d 963 (2004)).

Moreover, there is no basis for supervisory liability against these Defendants. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). That is, to impose liability under section 1983 against a supervisor, a plaintiff must establish the supervisor's prior knowledge of unconstitutional conditions or unconstitutional conduct committed by subordinates that would give

---

[1]Although there are no allegations against Warden Kirkegard in the body of the Complaint, Mr. Edmundson states in the listing of the parties that Warden Kirkegard is responsible for reviewing all administrative appeals of disciplinary charges filed by Montana State Prison prisoners. (Complaint, Doc. 2-1 at 1.) The Court has construed this as an allegation of denial of due process regarding the review of grievances.

the supervisor notice of the need for changes.  *Howell v. Earl*, 2014 WL 2594235 (D.Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

A supervisor who is informed of an alleged constitutional violation, e.g., pursuant to reviewing an inmate's administrative grievance, may be liable if he or she failed to remedy it.  *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006).  If a constitutional violation is complete, however, and a supervisory grievance reviewer is simply making a determination on whether the prison should provide a remedy for a past violation, the supervisory grievance reviewer has no part in causing the constitutional violation.

In this case, Mr. Edmundson alleges Healthcare Supervisor Cathy and Jane LaMoure denied grievance appeals in February 2014.  The alleged denial of medical care claims arose in October and November 2013.  As such, these Defendants were responding to grievances regarding alleged past violations and as such, cannot be held liable for causing the constitutional violation.  These Defendants and Mr. Edmundson's due process claims should be dismissed.

## 2. Remaining Claims

The Court has considered whether Mr. Edmundson's state and federal claims for denial of medical care against Nurse Hanna and his retaliation claims against Sgt. Graham and Sgt. Hotchkiss are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Edmundson has a reasonable opportunity to prevail on the merits of these claims. *See* 42 U.S.C. § 1997e(g). Dismissal of these claims is not appropriate at this time. Defendant Hanna must respond to Mr. Edmundson's state and federal medical care claims. Sgt. Graham and Sgt. Hotchkiss must respond to Mr. Edmundson's retaliation claims.

## III. CONCLUSION

Mr. Edmundson's due process claims fail to state a claim upon which relief may be granted. The deficiencies set forth above could not be cured by the allegation of additional facts. Therefore, these claims and Defendants Kirkegard, LaMoure, and Healthcare Supervisor Cathy should be dismissed with prejudice. The Complaint will be served upon Nurse Hanna, Sgt. Graham, and Sgt. Hotchkiss.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Edmundson's Motion to add Defendant (Doc. 7) is **GRANTED**.

2. Pursuant to Fed.R.Civ.P. 4(d), Defendants Hanna, Graham, and Hotchkiss are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants Hanna, Graham, and Hotchkiss choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

3. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

* Complaint (Doc. 2);

* Notice of Change of Address (Doc. 6);

* Supplement (Doc. 7);

* this Order;

11

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and must be served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. The Court will not consider requests made or information presented in letter form.

5. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

6. Mr. Edmundson <u>must not</u> make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Mr. Edmundson must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

Mr. Edmundson's due process claims should be **DISMISSED WITH PREJUDICE**. Defendants Kirkegard, LaMoure, and Healthcare Supervisor Cathy should be **DISMISSED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Edmundson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 24th day of February, 2015.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Nurse Alishia Hanna, Sgt. Graham, and Sgt. Hotchkiss. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-61-H-DLC-JTJ. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                              */s/ John Johnston*
                                              John Johnston
                                              United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request to waive service of summons in the following action: *Edmundson v. Kirkegard, et al.*, Civil Action No. CV-14-61-H-DLC-JTJ, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

      The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____       _____
DATE                                           SIGNATURE

                                                   _____
                                                   PRINTED/TYPED NAME

                                                   _____

                                                   _____
                                                   ADDRESS